UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GWENDOLYN DAVIS,

                      Plaintiff,                    06 CV 3323 (SJ)(RML)

  - against -                                    <u>MEMORANDUM</u>
                                                        <u>AND ORDER</u>

THE CITY OF NEW YORK, RAYMOND W.
KELLY, GEORGE GRASSO, NELDRA M.
ZIEGLER, RAFAEL PINIERO, GEORGE W.
ANDERSON, KENNETH HOLLORAN, MICHAEL
P. O'NEILL, JACQUELINE MCCARTHY,
DANIEL SWEENEY, SUZANNE GIMBLET,
JOHN P. CHESNEY, WILLIAM VOLPE, VIVIAN
MURPHY, JOHN DOE ROSENTHAL, JOHN
GRAHAM, VIRGINIA BROWN, WESLEY SOSNA,
WALTER SALASWASKI, KENNETH COMMER,
AND ANTHONY LAPERA, VERITAS VILLA
KURT GROBENBURG, MARWORTH TREATMENT
CENTER, MARGARET GARVIS, AND ROBIN NEIL,

                      Defendants.
-------------------------------------------------------------------X

A P P E A R A N C E S:

ANTHONY J. COLLELUORI AND ASSOCIATES, PLLC
180 Froehlich Farm Boulevard
Woodbury, New York 11797
By:    Diane C. Petillo, Esq.
         Anthony J. Colleluori, Esq.
Attorneys for Plaintiff

1

NYC LAW DEPARTMENT
Office of the Corporation Counsel
100 Church Street, Room 2-300
New York, NY 10007
By: Eric Jay Eichenholtz, Esq.
 Ivan A. Mendez, Jr., Esq.
Attorneys for City Defendants

WHITE AND WILLIAMS, LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
By: Edward Michael Koch, Esq.
 Mary E. Dixon, Esq.
Attorneys for Defendant Marworth Treatment Center

MALAPERO & PRISCO, LLP
295 Madison Avenue
New York, NY 10017
By: Andrew L. Klauber, Esq.
 Jack Mullen, Esq.
Attorneys for Defendant Veritas Villa


JOHNSON, Senior District Judge:

This action was commenced by Plaintiff Gwendolyn Davis ("Plaintiff"), a detective in the New York City Police Department ("NYPD"), on or about July 10, 2006, pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"); 42 U.S.C. §§ 1981, 1983 and 1985(3); the New York State and New York City Human Rights Laws; and New York common law. The named defendants include the City of New York and twenty (20) New York Police Department ("NYPD") officials (collectively "City Defendants"), as well as

two substance abuse treatment centers with which the NYPD contracts to provide counseling services to its employees—Marworth Alcohol and Chemical Dependency Center ("Marworth")[1] and Veritas Villa ("Veritas")[2] (collectively "Defendant Treatment Centers").[3]

Presently before the Court is: 1) a Motion to Dismiss filed by Defendant Veritas on November 11, 2007, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); 2) a Motion to Dismiss filed by Defendant Marworth on December 12, 2007, pursuant to Fed. R. Civ. P. 41(b); and 3) a Motion for Reconsideration filed by Plaintiff on December 31, 2007, with regard to this Court's denial of her request for an extension of time to replead her claims in this matter.[4]

---

[1] Dr. Margaret Garvis, who is also a named defendant in this action, is employed by Marworth, and any reference to "Marworth" should be construed as applicable to Dr. Garvis as well.

[2] Dr. Kurt Grobenburg, who is also a named defendant in this action, is employed by Veritas, and any reference to "Veritas" should be construed as applicable to Dr. Grobenburg as well.

[3] "City Defendants" and "Defendant Treatment Centers" are collectively referred to in this opinion as "Defendants."

[4] The Court acknowledges receipt of Plaintiff's proposed Second Amended Complaint, filed on January 1, 2008. It was later discovered that that submission was filed with a page missing from the text. Hence, at the request of the Court, Plaintiff filed a complete version of the proposed Second Amended Complaint on June 6, 2008. However, as noted below, the Court finds that, even if the January 1 submission had been complete, Plaintiff would still not have been in compliance with the terms of repleading established by this Court, and therefore was not authorized to file a Second Amended Complaint. Hence, the content of the proposed Second Amended Complaint was not considered by the Court in reaching the conclusions articulated in this Order.

P-049

For the reasons set forth below, Plaintiff's Motion for Reconsideration is DENIED; Defendant Veritas's Motion to Dismiss is GRANTED; and Defendant Marworth's Motion to Dismiss is rendered MOOT by the denial of Plaintiff's Motion for Reconsideration.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case, as articulated in this Court's Memorandum and Order, dated September 28, 2007 ("Sept. 28, 2007 M&O," or "M&O"). Hence, only a brief recitation is necessary here. Plaintiff alleges that her former employer, the NYPD, mistakenly identified her as an alcoholic and, by extension, someone in need of substance abuse counseling, following a series of volatile altercations with her colleague and live-in partner, Defendant Robin Neil. (See First Amended Compl. at ¶¶ 20-33.) As a result, Plaintiff, on more than one occasion, was admitted to either Marworth Treatment Center or Veritas Villa,[5] allegedly under threat of suspension and/or termination in the event that she did not comply. (See id. at ¶ 33.) In the midst this, Plaintiff and Defendant Neil continued to engage in verbal altercations, eventually leading to, *inter alia*, Plaintiff twice being temporarily suspended from

---

[5] According to the First Amended Complaint, Plaintiff was a resident at Veritas Villa from July 23, 2002 to August 22, 2002, and again from mid-October, 2003 to November 25, 2003. (See First Amended Compl. at ¶¶ 33, 49.) Plaintiff resided at Marworth Treatment Center from September 24, 2003 to October 14, 2003, and again from February 5, 2004 to February 13, 2004. (See id. at ¶¶ 45, 66.)

4

her job, the NYPD stripping her of her authority to carry a firearm, and Plaintiff being arrested for allegedly violating an Order of Protection against Defendant Neil. (See id. at ¶¶ 60, 80, 44, and 71-74, respectively.) It was under these alleged circumstances that Plaintiff retired from the NYPD in April 2004, ultimately leading to the filing of this lawsuit some two years later. (See id. at ¶¶ 17, 83.)

## PROCEDURAL HISTORY

More importantly for our purposes here, we must consider the procedural history of this case, which, in the Court's view, determines the outcome of this dispute. As noted above, Plaintiff initiated this litigation by filing a complaint with this Court ("Initial Complaint") on July 10, 2006. On November 13, 2006, Defendant Marworth responded with a Pre-Answer Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). Approximately one month later, on December 20, 2006, Defendant Veritas filed its Answer to the Initial Complaint, in addition to a Crossclaim against the City Defendants. Presumably in an effort to address the various issues raised by the Defendants' submissions, Plaintiff filed an amended complaint on December 21, 2006 ("First Amended Complaint").[6]

---

[6]The record is not clear as to the authority under which the First Amended Complaint was filed. However, what is apparent is that Plaintiff would not have been able to amend her Initial Complaint as a matter of course, since the First Amended Complaint was filed neither before Plaintiff was served with responsive pleadings from Defendants Marworth and Veritas, nor within 20 days of serving the Initial Complaint. See Fed. R. Civ. P. 15(a)(1). Plaintiff would have only been permitted to file her First Amended Complaint with leave of the court or written consent from the Defendants. See Fed. R. Civ. P. 15(a)(2). There is no indication of either in the record. The Court raises this issue only to demonstrate that, during the course of this litigation, Plaintiff already has

5

Subsequently, on January 16, 2007, the City Defendants filed their Answer to the First Amended Complaint, along with a Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c).

On September 28, 2007, this Court issued its M&O, addressing Defendant Marworth's Motion to Dismiss and City Defendants' Motion for Judgment on the Pleadings. Specifically, the Court dismissed without prejudice Plaintiff's constitutional claims against Defendant Marworth, as well as her false imprisonment, § 1981, and § 1985(3) claims against all Defendants. Moreover, "those constitutional claims against City Defendants that are based upon infringements of [Plaintiff's] right to free speech, privacy, and due process" were dismissed with prejudice. (M&O at 22.) Importantly, however, the Court stated that "Plaintiff is granted leave to amend her [First Amended] Complaint within 30 days of the entry of this Order." Id. The M&O was entered into the Court's electronic filing system on October 2, 2007.

As of October 25, 2007, Plaintiff had not yet filed an amended complaint. Instead, on that day, Plaintiff filed a Notice of Appeal to the United States Court of

---

been given at least one opportunity, to which she was not necessarily entitled, to perfect her claims against Defendants.

6

Appeals for the Second Circuit, challenging the Court's findings in the M&O.[7] On October 29, 2007, Plaintiff's counsel filed a Motion for Extension of Time to Amend the First Amended Complaint, on the grounds that the lead attorney on the case was on maternity leave and that their office had "only recently learned that the Plaintiff is willing to continue with the prosecution of this matter." (Pl. Mot. for Ext. of Time, at 1.) Counsel went on to indicate that his office had had "difficulty contacting [their] client to obtain further information regarding the various claims that are to be amended." (Id.) As such, Plaintiff's counsel requested an additional sixty (60) days to file a Second Amended Complaint. The Court denied the request on November 2, 2007.

Nearly two months later, on December 31, 2007, Plaintiff's counsel filed a Motion for Reconsideration of the Court's denial of the Motion for Extension of Time, despite the fact that, under Local Civil Rule 6.3, such motions must be filed within ten (10) days of the denial being challenged. With this procedural morass as a backdrop, we begin by addressing Plaintiff's Motion for Reconsideration.

---

[7]On September 24, 2008, the Second Circuit found that the appeal was premature, given that some of Plaintiff's claims were still pending before this Court at the time the appeal was filed. Out of an abundance of caution, however, and in an effort to avoid any jurisdictional defects, this Court chose to await the Second Circuit's ruling on this issue before addressing the merits of the motions and other submissions filed by the parties while the case was up on appeal.

P-049

## DISCUSSION

*Plaintiff's Motion for Reconsideration*

In a letter dated December 31, 2007, Plaintiff asks the Court to reconsider its November 2, 2007 denial of her Motion for Extension of Time to amend her First Amended Complaint, on the grounds that the denial was based on the erroneous statement in her Motion that the deadline for repleading had already passed when the original Motion for Extension of Time was filed on October 29, 2007. Furthermore, Plaintiff argues, no party to this litigation would be prejudiced as a result of this Court granting Plaintiff's motion.

However, there is an important threshold issue that must be addressed before the Court will consider the merits of Plaintiff's Motion for Reconsideration—namely, why the Court should entertain any motion where, as here, it is filed more than 45 days after the deadline for such a motion has passed. Citing Fed. R. Civ. P. 60(b)(1), Plaintiff's counsel argues that her failure to file the Motion for Reconsideration within 10 days of the Court's denial, as required under Local Civil Rule 6.3, amounts to nothing more than "excusable neglect," a term counsel describes as encompassing "delays that are caused by inadvertence, mistake or carelessness." (Pl. Mot. for Recon. at 2.) Counsel adds that she "is merely requesting that the Court revisit its decision to deny Plaintiff an extension to amend a complaint that it previously permitted Plaintiff to submit." (Id. at 3.)

8

While Plaintiff is correct that "[d]istrict courts may grant extensions of time in purely procedural matters upon a showing of 'excusable neglect,'" the law also makes clear that the decision is squarely within the discretion of the Court. See Fed. R. Civ. P. 60(b) (stating that "the court *may* relieve a party...from a final judgment, order, or proceeding" under certain circumstances (emphasis added).) Moreover, the United States Supreme Court has found that the determination as to whether or not excusable neglect exists "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Serv. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993). Hence, despite Plaintiff's attempt to focus the analysis solely on the length of the delay in the proceedings and the notion that Defendants would not be prejudiced by such a delay, courts may also consider the cause of the delay, "including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

Plaintiff's counsel indicates that the reason she filed her Motion for Reconsideration more than 45 days late is that it was not until well after the 10-day period had expired that she realized that she may have grounds for requesting reconsideration. (See Pl. Mot. for Recon. at 2.) In the Court's view, failure to recognize a potential legal argument or avenue for relief does not constitute excusable neglect. This is particularly true given the extent of the delay in filing the

9

Motion for Reconsideration. A delay of several days, even a week, may have been excusable, but, from this Court's perspective, 45 days is clearly outside the bounds of acceptability. The Court acknowledges that there was some legitimate confusion among the parties, as well as the Court, regarding the date on which the September 28, 2007 M&O was entered, and by extension, the date by which Plaintiff was required to file her Second Amended Complaint.[8] However, this misunderstanding does not explain or excuse the fact that Plaintiff's counsel did not address the issue until nearly two months after the Motion for Extension of Time was filed by her co-counsel.[9] Therefore, Plaintiff's Motion for Reconsideration was untimely and is hereby DENIED. As such, the Court's denial of Plaintiff's 10/29/07 Motion for Extension of Time to File her Second Amended Complaint stands.

*Defendant Veritas' Motion to Dismiss*

Defendant Veritas filed its first Motion to Dismiss on November 2, 2007, pursuant to Fed. R. Civ. P. 12(b)(6), and following the expiration of the 30-day

---

[8] In Plaintiff's October 29, 2007 letter requesting an extension of time to file her amended complaint, counsel identifies October 28, 2007 as the deadline for Plaintiff to replead her claims, pursuant to the Court's instructions in its September 28, 2007 M&O. The Court initially agreed. However, upon closer review, it was determined that, since the M&O was not actually *entered* into the electronic filing system until October 2, 2007, the deadline for repleading should have been November 1, 2007.

[9] Because lead counsel on this case, Ms. Petillo, was out of the office on maternity leave during the 30-day period within which Plaintiff was required to file her Second Amended Complaint, her partner and co-counsel on the case, Mr. Colleluori, made the request for an extension of time. (See Pl. 10/29/07 Mot. for Ext. of Time, at 1.)

10

P-049

deadline within which Plaintiff was instructed to file her Second Amended Complaint. Hence, this Motion to Dismiss was filed in connection with the First Amended Complaint.

The Court notes that the claims against Defendant Veritas are virtually identical to those against Defendant Marworth, whose Rule 12(b)(6) Motion to Dismiss was granted as part of the September 28, 2007 M&O. Essentially, Plaintiff alleges that both Treatment Centers worked in concert with state officials to deprive her of various constitutional rights. As such, the Court's analysis of the merits of Defendant Marworth's Motion to Dismiss, as articulated in the M&O, applies equally to Defendant Veritas' instant motion. Therefore, for the reasons stated in the M&O, Defendant Veritas' Motion to Dismiss is GRANTED.

## CONCLUSION

Since Plaintiff failed to amend her complaint within 30 days of the entry of this Court's September 28, 2007 M&O dismissing each of her claims, the Court's previous rulings stand. All of Plaintiff's claims are hereby dismissed with prejudice. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 21, 2008
Brooklyn, New York

s/Hon. Sterling Johnson, Jr.
Senior U.S.D.J.

P-049